FILED

1    SHELDON MAK & ANDERSON PC
     Jeffrey G. Sheldon (SBN 67516)
2    jgsheldon@usip.com
     William D. Bowen (SBN 254398)
3    100 Corson Street, Third Floor
     Pasadena, California 91103-3842
4    Telephone: (626) 796-4000
     Facsimile: (626) 795-6321

2013 FEB 14 PM 2:41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

5

6    Attorneys for Plaintiff San Antonio Winery, Inc.

7           UNITED STATES DISTRICT COURT

8           CENTRAL DISTRICT OF CALIFORNIA

9

10    SAN ANTONIO WINERY, INC, a
      California corporation

11             Plaintiff,

12       v.

13    INTEGRITY WINES LLC, a New
      York limited liability company, and
14    DOES 1-10, Inclusive,

15          Defendants.

**CV13-01101 — DMG (MRWx)**

Case No.

**COMPLAINT FOR DAMAGES AND INJUNCTION FOR:**

1. **TRADEMARK INFRINGEMENT**
2. **FALSE DESIGNATION OF ORIGIN**
3. **FEDERAL DILUTION BY BLURRING**
4. **STATE INJURY TO BUSINESS REPUTATION AND DILUTION**
5. **COMMON LAW TRADEMARK INFRINGEMENT**
6. **STATUTORY UNFAIR COMPETITION**
7. **COMMON LAW UNFAIR COMPETITION**

**REQUEST FOR JURY TRIAL**

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff San Antonio Winery, Inc., by its attorneys, Sheldon Mak & Anderson, alleges as follows:

## JURISDICTION AND VENUE

1.      The court has original jurisdiction of this action under 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and 2201 in that this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.*. This court has supplemental jurisdiction over Plaintiff's non-federal claims under 28 U.S.C. § 1367 in that those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

2.      Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district.

## THE PARTIES

3.      Plaintiff San Antonio Winery, Inc. ("San Antonio" or "Plaintiff") is a corporation organized under the laws of the State of California with its principal place of business at 737 Lamar Street, Los Angeles, California 90031.

4.      Defendant Integrity Wines LLC ("Integrity") is, on information and belief, a New York limited liability company with a place of business at 152 West 36th Street, Room 605, New York, NY 10018. Integrity advertises and sells wine under the name STELLA ROSE, which infringes Plaintiff's registered mark.

5.      The true names and capacities of the Defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is informed and believes, an thereon alleges, that each of the Defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to

1  Plaintiff as alleged herein.  Plaintiff will seek leave to amend the Complaint when
2  the true names and capacities of said DOE Defendants have been ascertained.
3  Integrity and DOES 1 through 10 are hereinafter collectively referred to as
4  "Defendants."

5       6.     Plaintiff is informed and believes, and on that basis alleges, that each
6  of the Defendants participated in and is in some manner responsible for the acts
7  described in this Complaint and any damages resulting therefrom.

8       7.     Plaintiff is informed and believes, and on that basis alleges, that each
9  of Integrity and DOES 1 - 10 has acted in concert and participation with each other
10 concerning the claims in this Complaint.

11      8.     Plaintiff is informed and believes, and on that basis alleges, that each
12 of Integrity and DOES 1 – 10 was empowered to act as the agent, servant and/or
13 employees of each other, and that all the acts alleged to have been done by each of
14 them were authorized, approved and/or ratified by each of them.

15
16                    **THE PLAINTIFF'S TRADEMARK**

17      9.     San Antonio is a family owned corporation that is engaged in, among
18 other things, the production, sale and distribution of wines.  It has been in business
19 since 1917 and, over the years, its wines have won numerous wine competition
20 awards.

21      10.    San Antonio is the owner of several well-known trademarks,
22 including but not limited to, the word mark STELLA ROSA (the "STELLA ROSA
23 Word Mark") and a combination mark and design consisting of the words
24 STELLA ROSA in stylized format below a crown (collectively, the "STELLA
25 ROSA Design Mark").  San Antonio commenced using the STELLA ROSA Word
26 Mark and the STELLA ROSA Design Mark in commerce in the United States at
27 least as early as September 2004 in connection with the sale and offer for sale of
28

1  wines. San Antonio has used both marks in connection with such goods

2  continuously from the time it adopted them until the present.

3      11.   The STELLA ROSA Word Mark is the subject of U.S. Federal

4  trademark registration no. 4,000,417 (the "'417 Registration"), a copy of which is

5  attached as Exhibit 1. The '417 Registration was issued by the U.S. Patent and

6  Trademark Office ("PTO") on July 26, 2011 for use in connection with wine.

7      12.   The STELLA ROSA Design Mark is the subject of U.S. Federal

8  trademark registration no. 3,663,013 (the "'013 Registration"), a copy of which is

9  attached as Exhibit 2. The '013 Registration was issued by the PTO on August 4,

10  2009 for use in connection with wines.

11      13.   The '417 and '013 Registrations constitute prima facie evidence of the

12  validity of the STELLA ROSA Word Mark and the STELLA Design Mark, of San

13  Antonio's ownership of those marks, and of San Antonio's exclusive right to use

14  the STELLA ROSA Word Mark and the STELLA ROSA Design Mark in

15  connection with the goods specified in those registrations and in connection with

16  related goods and services. Hereafter, the STELLA ROSA Word Mark and the

17  STELLA ROSA Design Mark shall be referred to collectively as the STELLA

18  ROSA Marks.

19      14.   At all times relevant to the acts complained of herein, San Antonio

20  has used the STELLA ROSA Marks to identify its goods and to distinguish them

21  from the goods and services made and sold or offered by others by, among other

22  things, prominently displaying the mark on its products, on its internet website and

23  on advertising materials promoting its goods. In addition, over the past 7 years,

24  San Antonio's expenditures on advertising to promote goods bearing the STELLA

25  ROSA Marks, have totaled over $1,500,000. During that same period, its sales of

26  products under those marks have totaled more than $40,000,000.

27      15.   The presence of the STELLA ROSA Marks on San Antonio's goods,

28  on its website and on advertising for San Antonio's goods indicates to the public

1    that goods and services provided under the STELLA ROSA Marks originate with,

2    or are provided by, San Antonio.  San Antonio adheres to strict quality standards in

3    the manufacture of its wines.  Thus, the consuming public has come to associate

4    the  STELLA ROSA Marks with wines of high quality.  As a consequence of all of

5    the foregoing, the STELLA ROSA Marks have attained considerable value and the

6    goodwill associated with them represents a valuable business asset.

7

8                      **DEFENDANTS' INFRINGING ACTIVITIES**

9         16.    San Antonio is informed and believes, and based thereon it alleges

10   that the Defendants are offering to provide, and are providing, in the United States

11   and in this judicial district, goods that are closely related to San Antonio's goods,

12   and that the Defendants are using words and symbols in connection with those

13   goods that are nearly identical to the STELLA ROSA Marks.  Specifically, the

14   Defendants' goods consist of wines.

15        17.    On information and belief, Defendants sell their wines to retailers that

16   sell and offer for sale Defendants' goods nationwide, including in this judicial

17   district, through their internet websites.  Defendants therefore have knowledge that

18   the impact from sales of their goods affects consumers and competing businesses

19   in this judicial district.

20        18.    The Defendants' goods are offered and sold under the STELLA

21   ROSE brand.  A true and correct copy of a screenshot taken from the Defendants'

22   internet website is attached as Exhibit 3.

23        19.    A likelihood of confusion exists as to the difference between

24   Plaintiff's marks and Defendants' brand.

25   //

26   //

27   //

28   //

# FIRST CLAIM FOR RELIEF

## (Against All Defendants for Trademark Infringement,
## 15 U.S.C. § 1114(1))

20.     San Antonio incorporates, repeats and realleges paragraphs 1 through 19 above, as if set forth fully herein.

21.     The STELLA ROSA Marks are owned by San Antonio and San Antonio has continuously used those marks in commerce since at least as early as September 2004.  San Antonio has never authorized nor consented to the Defendants' use of any term which is the same as, is confusingly similar to, or constitutes a colorable imitation of, the STELLA ROSA Marks in commerce in connection with their products or services.

22.     Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

23.     San Antonio is informed and it believes and, based thereon, it alleges that the Defendants' acts have been undertaken with full knowledge of San Antonio's rights in and to the STELLA ROSA Marks and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the STELLA ROSA Marks.

24.     By reason of Defendants' acts, as alleged herein, San Antonio has suffered damage to its business, reputation and goodwill and Defendants made profits and sales they would not have made but for Defendants' conduct.

25.     Defendants' acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing their unauthorized use of words and symbols that are confusingly similar to the STELLA ROSA Marks, these injuries will continue to occur.

## SECOND CLAIM FOR RELIEF

### (Against All Defendants for False Designation Of Origin,
### 15 U.S.C. § 1125(a))

26.     San Antonio incorporates, repeats and realleges paragraphs 1 through 19 above, as if set forth fully herein.

27.     The STELLA ROSA Marks are owned by San Antonio and San Antonio has continuously used them in commerce for many years.  San Antonio has never authorized or consented to the Defendants' use of the STELLA ROSA Marks or of any similar words or names in connection with their products or services.

28.     Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendants with San Antonio, or as to the origin, sponsorship or approval of Defendants' products or services by San Antonio in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29.     San Antonio is informed and it believes and, based thereon, it alleges that the Defendants' acts have been undertaken with full knowledge of San Antonio's rights in and to the STELLA ROSA Marks and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with those marks.

30.     By reason of Defendants' acts, as alleged herein, San Antonio has suffered damage to its business, reputation and goodwill and Defendants made profits and sales they would not have made but for Defendants' conduct.

31.     Defendants' acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing

1  their unauthorized use of words and symbols that are confusingly similar to the

2  STELLA ROSA Marks, these injuries will continue to occur.

3

4                        **THIRD CLAIM FOR RELIEF**

5               **(Against All Defendants for Dilution by Blurring,**

6                          **15 U.S.C. § 1125(c))**

7         32.    San Antonio incorporates, repeats and realleges paragraphs 1 through

8  19 above, as if set forth fully herein.

9         33.    By reason of its extensive advertising and sales of goods under the

10  STELLA ROSA Marks, those marks have become famous within the meaning of

11  Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

12        34.    The STELLA ROSA Marks are inherently distinctive or, in the

13  alternative, have acquired distinctiveness as a consequence of the long period of

14  use by San Antonio, which has been exclusive, and San Antonio's extensive

15  marketing and sales of goods under them.

16        35.    The Defendants commenced use in commerce of STELLA ROSE

17  after San Antonio adopted and began using the STELLA ROSA Marks and after

18  the mark had become famous.

19        36.    Taking into consideration (i) the high degree of similarity between the

20  Defendants' STELLA ROSE term and San Antonio's STELLA ROSA Marks, (ii)

21  the high degree of distinctiveness of the STELLA ROSA Marks, (iii) the fact that

22  San Antonio and/or its predecessor has been making exclusive use of the STELLA

23  ROSA Marks in connection with wines for at least 7 years, (iv) the degree of

24  consumer recognition of the STELLA ROSA Marks as a consequence of San

25  Antonio's extensive use and promotion of those mark over many years, and (v) the

26  association in the minds of consumers between San Antonio's STELLA ROSA

27  Marks and the STELLA ROSE term, the Defendants' use of the STELLA ROSE

28

1   term has caused or, in the alternative, is likely to cause dilution of the STELLA

2   ROSA Marks.

3          37.    As a consequence of the foregoing, San Antonio is entitled to an

4   injunction against the Defendants' continued use of STELLA ROSE.

5

6                          **FOURTH CLAIM FOR RELIEF**

7   **(Against All Defendants for State Injury to Business Reputation and Dilution,**

8                          **Cal. Bus. & Prof. Code § 14247)**

9          38.    San Antonio incorporates, repeats and realleges paragraphs 1 through

10  19 above, as if set forth fully herein.

11         39.    By reason of its extensive advertising and sales of goods under the

12  STELLA ROSA Marks, the marks have become famous within the meaning of

13  Section 14247(a) of the California Business and Professions code.

14         40.    The STELLA ROSA Marks are inherently distinctive or, in the

15  alternative, have acquired distinctiveness as a consequence of the long period of

16  use by San Antonio, which has been exclusive, and San Antonio's extensive

17  marketing and sales of goods under them.

18         41.    The Defendants commenced use in commerce of their STELLA

19  ROSE name after San Antonio adopted and began using the STELLA ROSA

20  Marks and after the marks had become famous.

21         42.    Taking into consideration (i) the high degree of similarity between the

22  Defendants' STELLA ROSE name and San Antonio's STELLA ROSA Marks, (ii)

23  the high degree of distinctiveness of the STELLA ROSA Marks, (iii) the fact that

24  San Antonio has been making exclusive use of the STELLA ROSA Marks in

25  connection with wines for at least 7 years, (iv) the degree of consumer recognition

26  of the STELLA ROSA Marks as a consequence of San Antonio's extensive use

27  and promotion of the STELLA ROSA Marks, and (v) the association in the minds

28  of consumers between San Antonio's STELLA ROSA Marks and the STELLA

1  ROSE brand, the Defendants' use of the STELLA ROSE brand has caused or, in
2  the alternative, is likely to cause dilution of the STELLA ROSA Marks.

3      43.    As a consequence of the foregoing, San Antonio is entitled to an
4  injunction against the Defendants' continued use of STELLA ROSE.

5

6                        **FIFTH CLAIM FOR RELIEF**

7      **(Against All Defendants for Common Law Trademark Infringement)**

8      44.    San Antonio repeats and re-alleges paragraphs 1 through 19 and 27
9  through 31, as though fully set forth in this paragraph.

10     45.    By reason of Defendants' acts, as alleged herein, San Antonio has
11 suffered damage to its business, reputation and goodwill and the loss of profits and
12 Defendants made profits and sales they would not have made but for Defendants'
13 conduct.

14     46.    The above-described acts of Defendants constitute common law
15 trademark and trade name infringement.  Such acts have caused and will continue
16 to cause irreparable and immediate injury to San Antonio for which San Antonio
17 has no adequate remedy at law.  Unless Defendants are restrained by this Court
18 from continuing the acts alleged herein, these injuries will continue to occur.

19     47.    On information and belief, the foregoing acts of the Defendants are
20 oppressive, fraudulent, willful and malicious in that they have been undertaken
21 with a conscious disregard of San Antonio's rights and with a desire to injure San
22 Antonio's business and to improve their own.

23

24                        **SIXTH CLAIM FOR RELIEF**

25         **(Against All Defendants for Unfair Competition,**

26            **Cal. Bus. & Prof. Code § 17200)**

27     48.    San Antonio repeats and re-alleges paragraphs 1 through 19, 21
28 through 25 and 27 through 31, as though fully set forth in this paragraph.

49.     The above-described acts of Defendants constitute unfair competition within the meaning of California Business and Professions Code Section 17200. Such acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## SEVENTH CLAIM FOR RELIEF

### (Against All Defendants for Common Law Unfair Competition)

50.     San Antonio repeats and re-alleges paragraphs 1 through 19, 21 through 25 and 27 through 31, as though fully set forth in this paragraph.

51.     By reason of Defendants' acts, as alleged herein, San Antonio has suffered damage to its business, reputation and goodwill and the loss of profits and sales it would have made but for Defendants' conduct.

52.     The above-described acts of Defendants constitute common law unfair competition in that Defendants are attempting to pass off their goods as those of San Antonio.  Such acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For an order permanently enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

a.     Using any brand or designation that makes use of the term STELLA ROSE or any permutation of that term, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale,

1 promotion or advertising of any products and/or services that are the same as, or

2 are related to, San Antonio's goods;

3    b.    Instructing or directing any third parties to prepare print

4 advertising, flyers, containers, labels or packaging bearing the term STELLA

5 ROSE or any permutation of that term, whether alone or in combination with other

6 words, characters or symbols for use in connection with the sale, offer for sale,

7 promotion or advertising of any products and/or services that are the same as, or

8 are related to, San Antonio's goods;

9    c.    Imitating, copying, making unauthorized use of, or otherwise

10 infringing, Plaintiff's rights in and to the STELLA ROSA Marks;

11   2.   For an order directing the Defendants to deliver up for destruction all

12 products, labels, boxes, signs, prints, packages, wrappers, and artwork in their

13 possession, or under their control, bearing or intended to bear the term STELLA

14 ROSE or any permutation of that term, whether alone or in combination with other

15 words, characters or symbols;

16   3.   For an order pursuant to 15 U.S.C. § 1125(c)(1) permanently

17 enjoining Defendants and their officers, agents, employees, and all those acting in

18 concert or conspiracy with them from making use of the STELLA ROSE name or

19 any other term that contains the terms STELLA or ROSE or any phonetic

20 equivalent of those terms in connection with the sale of wines;

21   4.   For a monetary award in favor of San Antonio in an amount equal to

22 (i) San Antonio's actual damages and (ii) to the extent not included in actual

23 damages, the Defendants' profits arising from the acts alleged above, such

24 damages and profits to be trebled under 15 U.S.C. § 1117(a);

25   5.   For a finding that this is an exceptional case within the meaning of,

26 and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

27   6.   For a finding that the Defendants' acts of infringement were willful

28 within the meaning of 15 U.S.C. § 1117(c)(2);

7.      For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

8.      For an award of costs under 15 U.S.C. § 1117(a), or as otherwise provided by law; and

9.      For such other and further relief as the Court deems just and proper.

Dated:  February 14, 2013              SHELDON MAK & ANDERSON PC

By: _____
        William D. Bowen
        Attorneys for Plaintiff
    SAN ANTONIO WINERY. INC.

1

## REQUEST FOR JURY TRIAL

2      Plaintiff requests trial by jury on all issues so triable.

3

4    Dated:  February 14, 2013          SHELDON MAK ROSE & ANDERSON PC

5

6                                      By: _____

7                                          William D. Bowen
                                       Attorneys for Plaintiff
8                                      SAN ANTONIO WINERY. INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-
**COMPLAINT**

**Exhibit 1**

# United States of America
## United States Patent and Trademark Office

### STELLA ROSA

**Reg. No. 4,000,417**
**Registered July 26, 2011**

**Int. Cl.: 33**

**TRADEMARK**

**PRINCIPAL REGISTER**

SAN ANTONIO WINERY, INC. (CALIFORNIA CORPORATION)
737 LAMAR STREET
LOS ANGELES, CA 90031

FOR: WINE, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 8-31-2004; IN COMMERCE 9-30-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ROSA", APART FROM THE
MARK AS SHOWN.

THE ENGLISH TRANSLATION OF THE WORD "STELLA ROSA" IN THE MARK IS "STAR
ROSE".

SER. NO. 78-534,052, FILED 12-16-2004.

NELSON SNYDER, EXAMINING ATTORNEY



*David J. Kappos*
Director of the United States Patent and Trademark Office

Exhibit 1, Page 14

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL
### TRADEMARK REGISTRATION

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at http://www.uspto.gov.

Page: 2 / RN # 4,000,417

**<u>Exhibit 2</u>**

Int. Cl.: 33

Prior U.S. Cls.: 47 and 49

**United States Patent and Trademark Office**

Reg. No. 3,663,013
Registered Aug. 4, 2009

**TRADEMARK**
**PRINCIPAL REGISTER**



**STELLA ROSA**

SAN ANTONIO WINERY, INC. (CALIFORNIA
CORPORATION)
767 LAMAR STREET
LOS ANGELES, CA 90031

FOR: WINES, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 8-4-2004; IN COMMERCE 8-27-2004.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ROSA" , APART FROM THE
MARK AS SHOWN.

THE MARK CONSISTS OF A CROWN DISPOSED
ABOVE THE WORDS "STELLA ROSA" IN CAPITAL

LETTERS WITH THE FIRST "L" BEING VERTICAL-
LY ENLARGED AND WITH ITS LOWER RIGHT-
MOST PORTION EXTENDING UNDER THE SEC-
OND "L" AND WITH THE "R" HAVING A LOWER
RIGHT-MOST PORTION WHICH EXTENDS UN-
DER THE "O".

THE ENGLISH TRANSLATION OF "STELLA
ROSA" IN THE MARK IS "PINK STAR" OR "STAR
ROSE".

SER. NO. 77-599,131, FILED 10-23-2008.

ROBIN MITTLER, EXAMINING ATTORNEY

**Exhibit 3**



**INTEGRITY WINES**

OUR WINES          ABOUT US          WHERE TO FIND OUR WINES          OUR PRODUCERS          CONTACT

Our Wines  »  South of France  »  Stella Rose  »  Malbec  »  Vin de Pays du Comte Tolosan  »

## STELLA ROSE

**OTHER WINES**

Malbec – Vin'de Pays
du Comte Tolosan

### MALBEC – VIN DE PAYS DU COMTE TOLOSAN

**APPELLATION**
Vin de Pays du Comte Tolosan
This 100% Malbec wine is sourced from the heart of the French Malbec growing region the Lot et
Garonne  in the style of Cahors

**VARIETAL**
100% Malbec

**SOIL**
Clay & Limestone mix

**YIELD**
50hl / ha

**PRODUCTION**
500 cases / year

**HARVEST**
Manual

**VINIFICATION**
De stemming and light pressing
Fermentation in stainless steel tanks for 2 weeks
Aging on lees for 6 months

**VINEYARD MANAGEMENT**
Sustainable viticulture

**GENERAL TASTING NOTES**
Eyes  Dark red color
Nose  Great dark fruit bouquet, elegant spiciness
Mouth  Very round and soft on the palate with jammy intensity

**DOWNLOAD**



Exhibit 3, Page 17

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV13- 1101 DMG  (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
SHELDON MAK & ANDERSON PC
Jeffrey G. Sheldon (SBN 67516)
William D. Bowen (SBN 254398)
100 Corson Street, Third Floor
Telephone: (626) 796-4000

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN ANTONIO WINERY, INC, a California corporation<br><br>PLAINTIFF(S)<br><br>v.<br><br>INTEGRITY WINES LLC, a New York limited liability company, and DOES 1-10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV13-01101**-DMG (MRW)<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

    A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Jeffrey G. Sheldon, William D. Bowen__ , whose address is __100 Corson Street, Third Floor, Pasadena, California  91103-3842__ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __FEB 1 4 2013__

By: _____

MARILYN DAVIS

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STAT    DISTRICT COURT, CENTRAL DISTRIC    F CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br><br>SAN ANTONIO WINERY, INC. a California corporation | DEFENDANTS<br><br>INTEGRITY WINES LLC. a New York limited liability company, and DOES 1-10, Inclusive. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>SHELDON MAK & ANDERSON PC<br>100 Corson Street, Third Floor, Pasadena, California 91103-3842<br>Telephone: (626) 796-4000 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** – For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and 2201 in that this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051, et seq..

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**⚑ CV13-01101**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATE   DISTRICT COURT, CENTRAL DISTRIC   F CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
  ☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
  ☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date February 14, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |